IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerome Scott Garcia, | ) | C/A No.: 3:20-694-JMC-SVH |
| Plaintiff, | ) | |
| v. | ) | ORDER AND NOTICE |
| Joseph M. Dwyer and Susan Olmert Porter, | ) | |
| Defendants. | ) | |

Jerome Scott Garcia ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against Columbia Police Officer Joseph Dwyer and City of Columbia Municipal Judge Susan Olmert Porter ("Judge") (collectively "Defendants"), alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff alleges that on January 1, 2019, at around 9:30 PM, he witnessed a man assaulting a woman in a Wal-Mart parking lot. *Id.* at 5. Plaintiff claims he threated the man that he would "stop him" until the police arrived if the man continued to hit the woman. *Id.* at 8. He alleges the woman,

who appeared to be romantically involved with the man, became fearful for the man's safety based on his comparatively larger size and contacted the police, informing them that he was going to kill the man. *Id.* He states the woman gave the man a package and the man ran away, leaving him and the woman to wait for the police to arrive. *Id.* Plaintiff alleges Officer arrived on the scene and remarked that his license plate had expired. *Id.* He claims he asked Officer if he was free to go and Officer stated he was under arrest. *Id.* He maintains Officer failed to investigate the claim against him and proceeded to search his vehicle, discovering his medical cannabis and beer cans, among other trash. *Id.* at 9. He claims Officer charged him with public drunkenness without administering a breathalyzer or any other test. *Id.* He states Officer placed him in a police car for a lengthy period, causing him to urinate on himself. *Id.* He claims Officer confiscated his state identification and his property and escorted him to jail. *Id.*

Plaintiff alleges he appeared before Judge on February 6, 2019. *Id.* He claims Judge denied him due process, but ultimately dismissed the charges against him based on video surveillance evidence. *Id.* at 10. He states Judge refused to accept his proposed order, and he indicated on the record that she was abusing his rights and the process of law. *Id.* He claims Judge then summoned security personnel and questioned whether he was threatening her.

*Id.* Plaintiff alleges Judge had a conflict of interest in hearing his case because she and Officer were both employees of the state. [ECF No. 1-1 at 2].

Plaintiff alleges Defendants violated his rights under the Fourth,[1] Sixth, Eighth, and Fourteenth Amendments, abused process, and violated the separation of powers act.[2] *Id.* at 3. He requests the court award him $80,000 in damages. *Id.* at 5.

II. Discussion

    A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim

---

[1] Plaintiff asserts a cause of action for malicious prosecution. [ECF No. 1 at 3].
[2] Plaintiff alleges Defendants violated his rights under the "Separation of Powers Act." [ECF No. 1 at 3]. The undersigned interprets Plaintiff's argument as one that Defendants violated the separation of powers outlined in Article I, § 8 of the South Carolina Constitution.

based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain

sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B. Analysis

1. Failure to State a Claim Against Judge

To state a plausible claim for relief under 42 U.S.C. § 1983,[3] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). To state a claim on which relief may be granted, Plaintiff "must have plausibly alleged in his complaint that his constitutional rights were violated" by each individual defendant he is suing. *See Tobey v. Jones*, 706 F.3d 379 (4th Cir. 2013); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated

---

[3] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally-guaranteed* rights and to provide relief to victims if such deterrence fails.

5

the Constitution); *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (holding a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.).

Plaintiff has made only conclusory statements alleging Judge violated his rights and has alleged no injury as a result of Judge's actions. He acknowledges in his complaint that Judge reviewed the surveillance video and dismissed the charges against him. *See* ECF No. 1 at 10. Plaintiff appears to allege Judge violated his constitutional rights because she responded to his efforts to submit a motion "with intimidation," declined to accept his proposed order, and called in security personnel in response to his actions. *See id*. Plaintiff describes making statements and engaging in actions challenging the dignity and authority of the court. *See id.* The Supreme Court has long recognized that "[i]nstant action may be necessary . . . where immediate corrective steps are needed to restore order and maintain the dignity and authority of the court." *Johnson v. Mississippi*, 402 U.S. 212, 214 (1971); *Cooke v. United States*, 267 U.S. 517, 534 (1925); *Harris v. United States*, 382 U.S. 162, 165 (1965). Thus, it appears Judge took reasonable steps in light of

Plaintiff's actions, and Plaintiff's allegations do not support a finding of a constitutional violation.

Even if Plaintiff had alleged Judge engaged in unconstitutional actions that caused him injury, Judge would be entitled to immunity. Well-settled law provides judges and court support personnel immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991). Judicial immunity protects judges and court personnel from suit, as well as assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *See Mireless*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted)).

In light of the foregoing, Plaintiff's claims against Judge are subject to summary dismissal.

### 2. Failure to Allege Facts Supporting a Cause of Action for Violation of the Sixth Amendment

Plaintiff alleges Defendants violated his rights under the Sixth Amendment. [ECF No. 1 at 3]. The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be

7

> informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

U.S. CONST. amend. VIII. Plaintiff does not allege Defendants violated any provisions of the Sixth Amendment. However, even if he were to allege he was denied rights under the Sixth Amendment, he was not prejudiced by such denial, as he admits Judge dismissed the charges against him prior to a trial. *See* EFC No. 1 at 10.

Given the foregoing, Plaintiff's claim that Defendants violated his rights under the Sixth Amendment is subject to summary dismissal.

### 3. Failure to Allege Facts Supporting a Cause of Action for Violation of the Eight Amendment

Plaintiff alleges Defendants violated his rights under the Eighth Amendment to the Constitution. [ECF No. 1 at 3]. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. Plaintiff alleges no facts in his complaint that support a claim that Defendants violated his rights under the Eighth Amendment. Therefore, his claim that Defendants violated his rights under the Eighth Amendment is subject to summary dismissal.

4. Failure to Allege a Cause of Action for Abuse of Process

Plaintiff alleges Defendants violated his constitutional rights through their abuse of process. [ECF No. 1 at 3]. "To establish a viable cause of action for abuse of process, [a plaintiff] must prove: (1) an ulterior purpose; and (2) a willful act in the use of process not proper in the regular conduct of the proceeding." *Sapphire Development, LLC v. Span USA Inc.*, 120 Fed. App'x 466, 473 (4th Cir. 2005) (citing *Huggins v. Winn-Dixie Greenville, Inc.*, 153 S.E.3d 693, 694 (S.C. 1967)). Plaintiff does not allege sufficient facts to meet either of the elements of a cause of action for abuse of process. Therefore, his claim for abuse of process is subject to summary dismissal.

5. Plaintiff Fails to Support a Cause of Action for Violation of Separation of Powers

Plaintiff appears to allege Defendants violated the separation of powers outlined in the South Carolina Constitution because a conflict of interest was created through Officer's and Judge's status as employees of the state. *See* ECF Nos. 1 at 3, 1-1 at 2. Pursuant to S.C. Const. Art. I, § 8: "In the government of this State, the legislative, executive, and judicial powers of the government shall be forever separate and distinct from each other, and no person or persons exercising the functions of one of said departments shall assume or discharge the duties of any other."

Plaintiff has not alleged either Officer or Judge engaged in actions consistent with exercising the functions of another branch of government. His allegation that Defendants violated the doctrine of separation of powers through their joint employment by the state is without merit, as members of the legislative, executive, and judicial branches addressed in Art. I, § 8 are all employees of the state. Therefore, Plaintiff's claim for violation of separation of powers is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **March 5, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

February 13, 2020  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge