# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| Jerome S. Garcia, | ) | |
| | ) | Civil Action No. 3:20-cv-00694-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Joseph M. Dwyer, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This action arises from the arrest of Plaintiff Jerome Garcia ("Plaintiff") on January 1, 2019. (ECF No. 11 at 7.) Plaintiff, proceeding *pro se* and *in forma pauperis*, claims that the arrest by Defendant Officer Joseph M. Dwyer ("Defendant") violated his constitutional rights. (*Id.*) The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 29.) The Magistrate Judge recommends the court grant Defendant's Motion for Summary Judgment. (ECF No. 23.)

For the reasons below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 29) and **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 23).

## I. RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards which the court incorporates herein without full recitation. This case arises from Plaintiff's arrest, citation, and subsequent acquittal for drunkenness on January 1, 2019. Plaintiff alleges the incident began when he tried to break up a fight between a man and a woman. (ECF No. 29 at 3, ECF No. 27-1 at 1-2.) Despite his good intentions, Plaintiff alleges the woman called 911 and told the dispatcher Plaintiff was "trying to kill her and her boyfriend." (ECF No. 29 at 3.) Shortly thereafter, Defendant arrived at

1

the scene (*Id.* at 3), and Plaintiff and Defendant allege different versions of the events that followed.

Plaintiff contends Defendant pulled up behind him and immediately asked if he knew his California registration was out of date. When Plaintiff answered he is not "contracted to the state" and asked if he was free to go, Defendant called him a "sovereign citizen" and placed him under arrest. (ECF No. 27-1 at 3.) Plaintiff alleges he was not informed of the crime of his arrest until he was placed in the back of Defendant's patrol car. (*Id.*) Thereafter, Defendant searched his car without Plaintiff's consent. (ECF No. 33 at 3.) Plaintiff claims the search turned up a trash bag with "2 or 3 empty cans of beer" (*Id.*) and a "cannabis pipe" (ECF No. 27-1 at 3). Only then did Defendant inform Plaintiff he was being arrested for public drunkenness. (*Id.*) Plaintiff claims he never received a *Miranda* warning and was never given a breathalyzer or sobriety test throughout his questioning and arrest. (ECF No. 33 at 4.) When Plaintiff asked to use the bathroom, Defendant denied his request. (*Id.*) Subsequently, Plaintiff claims his truck was towed and he was taken to the Lexington County Detention Center. (*Id.* at 4.)

On the other hand, Defendant alleges he first spoke to the complainants when he arrived on the scene of the call. (ECF No. 23-1 at 1.) After he confirmed with the complainants that they had been harassed by Plaintiff, he approached and questioned Plaintiff about his involvement in the incident. (*Id.*) At this point, he noticed Plaintiff was slurring his speech and swaying in place with an odor of alcoholic beverages emanating from his breath and person. (*Id.* at 2.) Defendant checked Plaintiff's identification card and found he did not have a valid driver's license in South Carolina. (*Id.*) Defendant also determined the registration on Plaintiff's truck was out of date. When Defendant asked for proof of insurance, Plaintiff was unable to provide it. (*Id.*) In the course of the conversation, Plaintiff "admitted to having marijuana inside the vehicle," and

2

drinking several beers earlier that day. (*Id.*) Defendant alleges his investigation on the scene turned up "a small quantity of marijuana and paraphernalia" as well as "several open containers of beer," one of which was "cool to the touch" (*Id.*) in Plaintiff's truck.  At this point, Defendant determined he had sufficient probable cause to arrest Plaintiff for multiple offenses, including "drunkenness, driving under suspension, driving under the influence, simple possession of marijuana, open container, no proof of insurance, and public disorderly conduct." (*Id.*) Exercising discretion, Defendant claims he cited Plaintiff only for drunkenness (*Id.*), under Columbia, S.C. Code of Ordinances 14-98 (1979) (*See* ECF No. 23-2 at 19-20).[1] Subsequently, Plaintiff was arrested and searched incident to arrest.  The officers also conducted an inventory search of Plaintiff's vehicle and confiscated his expired license tags.  (ECF No. 23-1 at 2.)

A Municipal Court Judge for the City of Columbia ("Municipal Judge") conducted a bench trial on Plaintiff's drunkenness citation.  (ECF No. 23-2 at 8-9.)  The Municipal Judge viewed the video from Defendant's body camera and, after determining Plaintiff did not appear heavily intoxicated, found him not guilty of the charge.  (*Id.* at 21; *see also* ECF No. 11-1 at 1.)  However, the Municipal Judge found that based on her review of the incident, there was sufficient probable cause for Plaintiff's arrest.  (*Id.* at 20-21.)

On February 11, 2020, Plaintiff filed his initial Complaint against Officer Dwyer and the Municipal Judge.  (ECF No. 1 at 2.) Plaintiff sued under 42 U.S.C. § 1983, alleging causes of action for malicious prosecution, abuse of process, violation of the Separation of Powers Act, and violations of his rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments.  (ECF No. 1

---

[1] The ordinance establishes that "any person who shall be found drunk or intoxicated in the corporate limits of the city in any place, public or private, so as to be offensive to others shall be guilty of a misdemeanor, punishable, upon conviction, in accordance with Columbia, S.C. Code of Ordinances 1-5 (2000)."

at 3.) The Magistrate Judge reviewed Plaintiff's Complaint and determined Plaintiff's claims against the Municipal Judge (ECF No. 9 at 5-7), as well as Plaintiff's causes of action for abuse of process (*Id.* at 9), violations of the Separation of Powers Act (*Id.* at 9-10), violations of his Sixth Amendment (*Id.* at 7-8) and Eighth Amendment rights (*Id.* at 8) were subject to summary dismissal by the district court.  The Magistrate Judge permitted Plaintiff to amend his Complaint to correct these defects.  (*Id.* at 10.) On February 24, 2020, Plaintiff filed an Amended Complaint (ECF NO. 11) renewing his claims against Defendant Joseph Dwyer in his individual capacity pursuant to 42 U.S.C. § 1983.  Specifically, Plaintiff alleged Defendant violated his rights under the Fourth Amendment, and the Fourteenth Amendment's Due Process and Equal Protection Clauses.  (ECF No. 11 at 3.) Plaintiff did not renew his claim against Municipal Judge, nor his claims under the Sixth and Eighth Amendments, abuse of process and violations of the Separation of Powers Act. (ECF No. 11 at 3.)

Defendant filed his Motion for Summary Judgment on August 31, 2020.  (ECF No. 23.) After the Magistrate Judge issued a *Roseboro* Order apprising Plaintiff of the dismissal procedures and ordered Plaintiff to respond adequately (ECF No. 24), Plaintiff timely filed his Response (ECF No. 27) along with an "Affidavit of Facts" (ECF No. 27-1).  Subsequently, Defendant filed a Reply.  (ECF No. 28.) The Magistrate Judge recommended the court grant Defendant's Motion and notified the parties of their opportunity to file specific objections to the Report on October 16, 2020.  (ECF No. 29 at 21.) On October 30, 2020, Plaintiff filed an Objection to the Report.  (ECF No. 32.)

Generally, a party must respond to an opposing party's Motion for Summary Judgment by going "beyond the pleadings," using "affidavits . . . depositions, answers to interrogatories and admissions on file" to "designate 'specific facts showing that there is a genuine issue for trial.'"

4

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  A verified complaint, however, is "an opposing affidavit for summary judgment purposes" when the allegations contained therein are based on personal knowledge." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). Under 28 U.S.C. § 1746, a matter requiring verification may be evidenced by an unsworn declaration if it is "subscribed by [the declarant] as true under penalty of perjury. . . that the foregoing is true and correct."  Because Plaintiff's Amended Complaint (ECF No. 11) and Affidavit of Facts (ECF No. 27-1) were unverified, the Magistrate Judge discussed, but did not consider Plaintiff's allegations in resolving Defendant's Motion for Summary Judgment.  (ECF No. 29 at 2 n. 1 (citing 28 U.S.C. § 1746).)  On November 30, 2020, Plaintiff filed an additional Affidavit supplementing his Amended Complaint ("Affidavit II").  (ECF No. 33.) Plaintiff contends he was unaware of the verification requirement, and "[swears] under oath all facts of the claim are true under penalty of perjury." (*Id.* at 1.) The court interprets this statement to mean Plaintiff swears all statements submitted as part of his claim, within his Amended Complaint, supplemental "Affidavit of Facts" and Affidavit II are true under penalty of perjury.  (ECF No. 33 at 1.)  Given Plaintiff's *pro se* status and overall compliance with the Magistrate Judge's orders, the court will consider the facts alleged in Plaintiff's Amended Complaint (ECF No. 11), Affidavit of Facts (ECF No. 27-1) and Affidavit II (ECF No. 33.)[2]

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge only makes a

---

[2] Plaintiff's factual allegations in Affidavit II substantially mirror his allegations in his prior amended complaint and "Affidavit of Facts" (ECF No. 27-1) submitted along with his Response to Defendant's Motion for Summary Judgment.

recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *See also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); s*ee also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

Summary judgment should be granted "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. FED. R. CIV. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249.

"When considering motions from both parties for summary judgment, the court applies the same standard of review and so may not resolve genuine issues of material fact." *Monumental Paving & Excavating, Inc. v. Pa. Mfrs.' Ass'n Ins. Co.*, 176 F.3d 794, 797 (4th Cir. 1999) (citation omitted). "Instead . . . [the court] consider[s] and rule[s] upon each party's motion separately and determine[s] whether summary judgment is appropriate as to each under the Rule 56 standard." *Id.* (citation omitted).

### III. ANALYSIS

A.  **The Magistrate Judge's Report**

The Magistrate Judge determined that the "totality of circumstances within Defendant's knowledge" reasonably indicated Plaintiff "had committed or was committing the criminal offense for which he was arrested." (ECF No. 29 at 14.) The Magistrate Judge noted drunkenness is proscribed both by Columbia, S.C., Code of Ordinances § 14-98 (1979) and S.C. Code Ann. § 16-17-530(A)(1) (2019). The Magistrate Judge determined Defendant properly detained Plaintiff on the scene and remarked that Defendant's investigation revealed Plaintiff carried no driver's license, did not have a valid registration, and unlawfully possessed marijuana and open containers in his vehicle. (*Id.*) Each of these offenses, the Magistrate Judge found, gave police an independent ground for Plaintiff's arrest. (*Id.*) To the extent Plaintiff argued he was not properly informed of his crime of arrest pursuant to state law, the Magistrate Judge rejected Plaintiff's contention, explaining that § 1983 provides a remedy for violations of federal, rather than state law rights. (*Id.* at 15.) The Magistrate Judge additionally recommended the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(c). (*Id.* at 15 n. 12.)

Turning to Plaintiff's allegation that he was not read *Miranda* warnings, the Magistrate Judge clarified "an officer's mere failure to read *Miranda* warnings does not rise to the level of a constitutional violation and cannot support a claim under § 1983." (*Id.* (citing *Sturkey v. Hudson*, C/A 6:19-3137-RMG, 2020 WL 1303207, at *2 (D.S.C. Mar. 18, 2020).)

Next, the Magistrate Judge addressed Plaintiff's claims that his vehicle was unlawfully searched and determined that the officers' search constituted a valid search incident to a lawful arrest under *New York v. Belton*, 453 U.S. 454 (1981) and *Arizona v. Gant*, 129 S. Ct. 1710, 1719 (2009). (*Id.* at 16-17.) Thus, the Magistrate Judge found Defendant did not violate Plaintiff's Fourth Amendment Rights and recommended this court grant Defendant's Motion for Summary

Judgment on this ground. (*Id.* at 16-17.)

The Magistrate Judge similarly recommended the court grant Defendant's Motion for Summary Judgment on Plaintiff's claims under the Equal Protection and Due Process clauses of the Fourteenth Amendment, because Plaintiff had put forth no evidence in support of these causes of action. (*Id.* at 17-18.) Finally, the Magistrate Judge recommended summary judgment with respect to certain state law claims briefly referenced in Plaintiff's Amended Complaint and affidavits, including intentional infliction of emotional distress and defamation (*Id.* at 19-20), upon finding no evidence in Plaintiff's filings to support these claims. (*Id.*)

**B.      Plaintiff's Objections**

Plaintiff objects to the Report's recommendations on several grounds. To start, Plaintiff re-iterates his arguments on the violation of his rights under the Fourteenth Amendment's Due Process Clause. (ECF No. 32 at 1.) In addition, Plaintiff alleges his trial before the Municipal Judge violated his Sixth and Seventh Amendment rights to be tried by a jury of his peers (*Id.*) and contends the Municipal Judge tried him despite not having subject matter jurisdiction (*Id.*). Moreover, Plaintiff claims the State destroyed Defendant's body camera footage to protect itself from liability. (*Id.*) Plaintiff's Objection restates numerous arguments presented to the Magistrate Judge, emphasizing once again his allegations that his arrest was unlawful due to the absence of "an injured party" (*Id.*) and lack of probable cause (*Id.*). Finally, Plaintiff renews vague claims that he was defamed by law enforcement who called him a sovereign citizen.

The court carefully examined the findings of the Report and Plaintiff's Objection. Here, the court concludes that Plaintiff's Objection restates arguments adequately addressed by the Report. Moreover, Plaintiff's Objection substantively mirrors the arguments raised in his Response to Defendant's Motion for Summary Judgment (ECF No. 27), as well as Plaintiff's

Amended Complaint (ECF No. 11), Affidavit of Facts (ECF No. 27-1), and Affidavit II (ECF No. 33.) A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution[.]" *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). *Orpiano*, 687 F.2d at 47. In light of Plaintiff's *pro se* status, however, the court will address some of these arguments below.

### C.     The Court's Review

The viability of Plaintiff's Fourth Amendment claim rises and falls with the existence of probable cause for Plaintiff's arrest. If Plaintiff's arrest was valid, he has no basis to challenge the subsequent inventory search of his truck. *See, e.g., Illinois v. Lafayette*, 462 U.S. 640, 644 (1983); *United States v. Banks*, 482 F.3d 733, 739 (4th Cir. 2007).

Here, the court finds Plaintiff's factual allegations are not sufficient to create a genuine dispute of material fact on the issue of probable cause. It is well-established that warrantless arrests are permissible where there is "probable cause to believe a criminal offense has been or is being committed." *See Devenpeck v. Alford*, 543 U.S. 146, 152 (2004); *Graham v. Connor*, 490 U.S. 386, 396 (1989). Probable cause is a fact-intensive standard, which must be determined from the "totality of the circumstances known to the officer at the time of the arrest." *Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996). Indeed, *Devenpeck* explicitly rejects a rule which would confine the probable cause inquiry "to the known facts bearing upon the offense actually invoked at the time of arrest." *Devenpeck*, 543 U.S. at 152-53. The arresting officer's subjective state of mind cannot invalidate an arrest "as long as the circumstances, viewed objectively, justify that action." *Devenpeck*, 543 U.S. at 153. This is an extension of the broad, defining rule which renders

subjective states of mind irrelevant in a Fourth Amendment context. *See Whren v. United States,* 517 U.S. 806, 812–813 (1996); *Id*.

Reasonable suspicion, on the other hand, sets a lower standard. The Fourth Amendment permits officers to "conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). Even anonymous calls can, under certain indicia of reliability, meet the threshold of reasonable suspicion. *See Navarette v.California*, 572 U.S. 393 at 398-99 (2014). The suspect's admissions, while detained, may subsequently provide probable cause for his arrest. *See, e.g.*, *United States v. Haye*, 825 F.2d 32, 35 (4th Cir. 1987) (while detained, suspect admitted his bag contained cocaine, which provided probable cause for his arrest and subsequent search.")

To establish Defendant lacked probable cause for arrest, Plaintiff "must allege a set of facts which made it unjustifiable for a reasonable officer to conclude that [he] was violating" the drunkenness ordinance. *Brown v. Gilmore*, 278 F.3d 362, 368 (4th Cir. 2002). Plaintiff's conclusory allegations, however, do not satisfy this burden. Instead, when viewed in the light most favorable to Plaintiff, the undisputed facts support Defendant's allegations. Plaintiff merely opposes Defendant's Motion with conclusory and unsupported allegations denying the facts articulated in Defendant's Motion. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

It is undisputed that Defendant responded to the scene after he was called to investigate a disturbance involving two complainants who alleged Plaintiff "was trying to kill them." (ECF No. 27-1 at 1.) Given the seriousness of this allegation, Defendant had "reasonable suspicion to approach and temporarily detain Plaintiff" while he conducted his investigation. Plaintiff admits Defendant had cause to investigate the situation. Specifically, he states complainant's call "totally puts [Defendant] in jurisdiction and [supports] probable cause" [sic]. (ECF No. 27 at 2.) Plaintiff's

filings further concede that during the initial dispute with complainants, he "pulled up to [the complainants], which startle[d] them." (ECF No. 27-1 at 2.) This supports Defendant's allegation that in the course of his investigation, including his conversations with Plaintiff and complainants, Plaintiff admitted driving towards the complainants, and confirmed complainants' report that Plaintiff had chased them in his car. (ECF No. 23-1 at 1.)  Plaintiff's allegation that he was immediately arrested for an expired registration is therefore unsupported by the record and Plaintiff's own admissions.  Instead, the record confirms that Defendant had, at the very least, reasonable suspicion to detain Plaintiff in a brief, investigatory stop while he investigated the scene.  (*See also* ECF No. 29 at 12-13.)

Next, Defendant claims that his investigation on the scene indicated Plaintiff was intoxicated based on the smell of alcohol on Plaintiff's breath and person and his slurred speech and unsteady gait.  (ECF No. 23-1 at 2.)  Defendant's allegations are supported by both the fact that Plaintiff was ultimately arrested and cited for drunkenness, and by the Municipal Judge's determination that Defendant's body camera footage showed probable cause for this charge (ECF No. 23-2 at 20, 21).  Plaintiff concedes he admitted to drinking that day (ECF No. 27 at 5 (stating "the fact I admit I drank that day doesn't apply to his facts, because I'm an adult, and by law can drink if I so well please, I was not driving, or get pulled over while driving intoxicated, I was outside my vehicle talking with the lady victim.") By arguing that Defendant needed to perform a sobriety test upon Plaintiff or gather some other evidence of his drinking, Plaintiff demonstrates his misunderstanding of the law.  A drunkenness citation within city limits does not require additional facts beyond intoxication and conduct offensive to others.  *See* Columbia, S.C., Code of Ordinances § 14-98 (1979).  Here, the facts indicate Defendant's observations of Plaintiff's behavior and possible admissions on the scene provided "a fair probability" that Plaintiff was

12

guilty of the crime of drunkenness. First, Defendant was justified in finding a "fair probability" that Plaintiff had acted in a manner "offensive to others."[3] *Id.* Second, Defendant was justified in determining based on his observations that there was a "fair probability" Plaintiff was "drunk or intoxicated."[4] *Id*. This finding of "fair probability" supports probable cause. *See Florida v. Harris*, 568 U.S. 237, 243 (2013) ("A police officer has probable cause to conduct a search when "the facts available to [him] would 'warrant a [person] of reasonable caution in the belief' that contraband or evidence of a crime is present . . . . All we have required is the kind of 'fair probability' on which 'reasonable and prudent [people,] not legal technicians, act.'") (citations omitted).

Plaintiff's conclusory denial of Defendant's observations (ECF No. 27-1 at 3) and reference to the Municipal Judge's conclusion that Plaintiff was not "highly intoxicated" at the scene (ECF No. 32 at 4-5) cannot save his allegations. Here, Plaintiff misunderstands the applicable evidentiary threshold. Plaintiff is advised that probable cause does not require "the arresting officer [to] have in hand evidence which would suffice to convict." *Wong Sun v. United States*, 371 U.S. 471, 479 (1963). The fact that the Municipal Judge did not deem the video evidence sufficient to find Plaintiff guilty of drunkenness, therefore, does not mean probable cause

---

[3] The Municipal Judge also found that Plaintiff was "highly offensive" in the video footage provided by Defendant. (ECF No. 23-2 at 21.)

[4] Plaintiff also contends that there was no probable cause of a crime because drunkenness is a civil, not criminal offense. (*See* ECF No. 31 at 2-3.) This is false. The text of the statute explicitly provides that those who violate the ordinance "shall be guilty of a misdemeanor." Columbia, S.C., Code of Ordinances § 14-98 (1979). Moreover, the Code of Ordinances specifies that acts declared as misdemeanors are, in the absence of a specific penalty provided by the Code, punishable "by a fine of not more than $500.00 or by imprisonment for not more than 30 days, or both." Columbia, S.C., Code of Ordinances §§ 1-5 (2000).

for the arrest was lacking. Indeed, the Municipal Judge's own comments indicate, multiple times, that she found the video sufficient to provide probable cause for arrest. (ECF No. 23-2 at 20, 21.)

In sum, Defendant's conversations with the parties and observations about Plaintiff's demeanor alone provide substantial evidence of Plaintiff's drunkenness. And contrary to Defendant's observations which are at least partially substantiated by the record, Plaintiff's unsupported allegations do not make it unjustifiable for a reasonable officer to find probable cause for arrest.[5] Finding the record reveals evidence of both offensive conduct and intoxication at the time of Plaintiff's arrest, the court determines Defendant had probable cause to arrest Plaintiff for drunkenness.

Turning to the search of Plaintiff's car, the court finds the Magistrate Judge correctly determined that a lawful arrest permits officers to conduct a search incident to arrest and an inventory search[6] before towing Plaintiff's car. Here, Plaintiff makes no new allegations which indicate the search incident to his arrest, or the inventory search of his car were improper. To the extent Plaintiff claims Defendant searched his vehicle *before* placing him under arrest, the court finds the Fourth Amendment permits Defendant to conduct a search of Plaintiff's car if he has

---

[5] Unrelated to the probable cause determination, the search of Plaintiff's car turned up several empty beer cans. Moreover, Plaintiff admits to drinking that day, with the confusing justification that he is "an adult, and by law can drink if [he] so well please[s]." While adults do indeed have the right to drink alcohol in South Carolina, local ordinance and state law makes it clear that they cannot do so while conducting themselves in a manner that is "offensive to others," Columbia, S.C., Code of Ordinances § 14-98 (1979), or "a disorderly or boisterous," S.C. Code §16-17-530 (2012).

[6] The United States Court of Appeals for the Fourth Circuit has deemed a "proper inventory search [] merely 'an incidental administrative step following arrest and preceding incarceration,' conducted to protect the arrestee from theft of his possessions, to protect the police from false accusations of theft, and to remove dangerous items from the arrestee prior to his jailing." *Id.* As long as the inventory searches is conducted under "standardized criteria," usually codified in a "uniform inventory-search policy," these basic requirements are met. *Id.*

probable cause to believe it contains evidence of a crime. *See United States v. Baker*, 719 F.3d 313, 319 (4th Cir. 2013) (reiterating "[i]f there is probable cause to believe a vehicle contains evidence of criminal activity, *United States v. Ross,* 456 U.S. 798, 820–821 (1982), authorizes a search of any area of the vehicle in which the evidence might be found.") Here, the court found Defendant's observations of Plaintiff supported probable cause for the offense of drunkenness. Thus, Defendant was entitled to search Plaintiff's car for open containers or other evidence of the criminal activity at issue. Defendant was not required to place Plaintiff under arrest first. His search of the car was supported by probable cause.[7] Because the search turned up additional evidence of intoxication, Defendant had additional cause to arrest Plaintiff after the search.

Considering Plaintiff's allegations that the arrest violated his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the court finds Plaintiff's filings do not allege any evidence that indicates a violation of these rights. Plaintiff's sole allegation seems to be that he was tried for a civil offense in a court without jurisdiction. (ECF No. 32 at 1-2.) This merely reiterates a claim repeated throughout Plaintiff's filings and properly rejected by the Magistrate Judge. (ECF No. 29 at 14 n.11.) Plaintiff is advised that a municipal court has jurisdiction to hear cases involving violations of municipal ordinances, *see* S.C. Code 4-25-45, and as explained above, drunkenness is deemed a misdemeanor under the plain text of the ordinance. *See* Columbia, S.C. Code of Ordinances 14-98 (1979).

---

[7] The court acknowledges the search turned up evidence supporting Plaintiff's drunkenness charge, including several empty beer cans, and as well as other offenses such as simple possession of marijuana.

Plaintiff's claim that he was denied his right to trial by jury is also without merit.[8] At Plaintiff's hearing, the Municipal Judge clearly informed criminal defendants before the court that they could "have a bench trial today in front of [her] or a jury trial at a later date." (ECF No. 23-2 at 7.) Moreover, she explained to Plaintiff that "due process means [he is] afforded a trial . . . . That can be a bench trial or a jury trial." (*Id.* at 10.) Plaintiff declined to choose a jury trial and continued to protest he wanted "neither because the court does not have jurisdiction." (*Id.*) The Municipal Judge then made the decision to proceed in a bench trial, ultimately finding him not guilty. (*Id.*)[9]

Further, the court finds the Magistrate Judge correctly determined that "the failure to read *Miranda* warnings does not rise to the level of a constitutional violation and cannot "support a claim under §1983." (ECF No. 29 at 15 (citing *Sturkey v. Hudson*, C/A 6:19-3137-RMG, 2020 WL 1303207, at *2 (D.S.C. Mar. 18, 2020)).) Therefore, Plaintiff's renewed objection on this ground is without merit.

Plaintiff also contends the State destroyed the body camera footage from his arrest after learning he planned to file a civil rights claim in federal court. Plaintiff provides no evidence for this claim, and an email attached to his Objection refutes his allegation by stating clearly that the reason for deletion is the expungement of Plaintiff's criminal case. (ECF No. 32-1 at 1.)

---

[8] The court notes Plaintiff abandoned these claims when he did not repeat them in his Amended Complaint. "Once an amended pleading is interposed, the original pleading no longer performs any function in the case." 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2017). Therefore, Plaintiff cannot revive the federal claims which he failed to list in his Amended Complaint. The court addresses these claims for completeness and due to Plaintiff's *pro se* status.

[9] In his Objection to the Report, Plaintiff also argues his Sixth Amendment rights were violated. But he puts forth no evidence on this ground, and to the extent he argues he was denied the right to counsel, the court notes Plaintiff indicated multiple times that he doesn't "need any legal advice" (ECF No. 23-2 at 11) and "doesn't need an attorney" (*Id.* at 22).

Finally, Plaintiff's allegations that Defendant did not properly investigate the 911 call have no bearing on his civil rights claim. *See, e.g., Goodwyn v. Kincheloe*, 803 F.2d 713 (4th Cir. 1986) (holding that a police officer's negligent investigation does not state a claim under § 1983).

Therefore, the court rejects Plaintiff's Objections in full.

## IV. CONCLUSION

For the reasons above, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 29) and **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 23).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 30, 2021
Columbia, South Carolina